# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE CELLPHONE ASSIGNED CALL NUMBER (513) 282-9898 AND ASSOCIATED RECORDS STORED AT PREMISES CONTROLLED BY T-MOBILE | Case No. 1:22-MJ-00012 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of \_\_New Jersey\_\_
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference). This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41. Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

**YOU ARE COMMANDED** to execute this warrant on or before   January 21, 2022   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   the Honorable Stephanie K. Bowman  .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   **1:34 PM, Jan 7, 2022**      *Stephanie K. Bowman*
                                                                  *Judge's signature*

City and state:   Cincinnati, Ohio      Honorable Stephanie K. Bowman, U.S. Magistrate Judge
                                                                         *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br><br>                                                             *Executing officer's signature*<br><br>                                                             *Printed name and title* |

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number (513) 282-9898, the **Target Cell Phone,** whose wireless service provider is T-Mobile US, Inc. ("T-Mobile"), a company headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

2. Records and information associated with the Target Cell Phone that are within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a new number.

# ATTACHMENT B

## Particular Things to be Seized

1. *Historical and Subscriber Information.* To the extent that the information described in Attachment A is within the possession, custody, or control of T-Mobile (the "Provider"), including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **October 1, 2021, to present**:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);
        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        iii. Local and long distance telephone connection records;
        iv. Text message, SMS, and/or MMS records, not to include content;
        v. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        vi. Length of service (including start date) and types of service utilized;
        vii. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
        viii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        ix. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b. All records and other information relating to wire and electronic communications sent or received by the Account, including:

        i. As to this historical request only, and **not** as to any prospective data requested under item 2. below, the contents of any stored communications;
        ii. the date and time of the communication, the method of the communication, and the source and destination of the communication –

           i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)

        iii. All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the Account for the time period **October 1, 2021, to present**. Included is any specialized location data commonly referred to as Network Element Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

   c. The Provider shall deliver the information set forth above within **7 days** of the service of this warrant and shall send the information via electronic medium, where feasible. If electronic data is not available, the Provider shall deliver the information by facsimile or United States mail to:

        Bureau of Alcohol, Tobacco, Firearms & Explosives

        550 Main Street, Ste 8-491

        Cincinnati, OH 45202

        Fax: 513-684-6359

2. *Prospective Location Information*. The Provider shall provide all prospective location information about the location of the Target Cell Phone described in Attachment A for a period of **30 days**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.     Information to Be Seized by the Government**

1. All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 371 by JERMAINE PULLEY and/or NYLISHA HILL.

2. All information described above in Section I that will assist in arresting JERMAINE PULLEY, who was charged with violating 18 U.S.C. § 371 on December 29, 2021; who is the subject of an arrest warrant issued on December 29, 2021; and who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.